UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| QUENNEL AUGUSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-4190 |
| | ) | |
| EMPLOYEES OF I.D.O.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, a pretrial detainee at the Knox County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Two plaintiffs filed this lawsuit against administrators at the Knox County Jail and a member of the Illinois Department of Corrections' Jail and Detention Standard Unit. Plaintiff Augusta alleges that he is subjected to lockdowns for 28 hours at a time, forced to sleep on "insufficient cement" on a flat mat in his cell, and forced to use a communal bathroom in front of other inmates when allowed out of his cell. As a result, he alleges injuries to his back, legs, and arms for having to endure these conditions for more than eight (8) months. Plaintiff Augusta also alleges he is not provided with a sufficient amount of food, causing him to lose 40 pounds. He alleges commissary is expensive. Plaintiff August alleges that he has been denied visitation with his family because there are not enough computer screens to accommodate all inmates, copies of grievances because the grievance system is now electronic, magazines and newspapers, and a telephone call with his lawyer. Finally, Plaintiff alleges that he is charged $5/day for a housing fee and has not been reimbursed for the times he was later found not guilty.

Plaintiff Charles has not yet paid the filing fee or filed a petition to *proceed in forma pauperis*. The plaintiffs state they are filing a class action lawsuit; however, prisoners proceeding pro se are not allowed to act as class representatives. *See Huddleston v. Duckworth*, 97 F.R.D. 512, 514-55 (N.D. Ind. 1983). When a case has multiple prisoner plaintiffs, each plaintiff must submit a petition to proceed in forma pauperis or pay the $400 filing fee. *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Plaintiff Charles alleges medical staff has refused to allow him to see a doctor for his back injuries and a dentist for his dental problems. Plaintiff Charles also alleges that he has been placed on lockdown with no explanation.

Plaintiff Augusta states a claim for unconstitutional conditions of confinement for the allegations that he is subjected to 28-hour lockdowns with nothing but a flat mat to sleep on for 8 months. Plaintiff Augusta also states a claim for the alleged lack of sufficient quantities of food, but not as it relates to the type of food or the manner in which it is served. Complaints of cold, poorly prepared, or even food that occasionally contains foreign objects do not rise to the level of constitutional deprivation. *See Drake v. Velasco*, 207 F.Supp.2d 809, 812 (N.D. Ill. 2002) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)).

Plaintiff Augusta does not state a claim for the denial of visitation because of the lack of computers to accommodate every inmate, or the forced use of communal bathrooms, as such conditions could be ordinarily contemplated by confinement within the jail, and therefore not protected by the Fourteenth Amendment. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989). In addition, plaintiff has no constitutional right to a grievance process and the fact that the jail has chosen to provide one via electronic means does not implicate constitutional concerns. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). To the extent that plaintiff alleges he was denied a telephone call to his attorney, plaintiff alleges only that he would not be able to call during his attorney's office hours. No inference arises that Plaintiff Augusta's criminal case was adversely affected as a result.

Plaintiff Charles states a plausible claim for deliberate indifference to a serious medical need, however, his claims should be severed because his claims arise from a separate set of facts. Plaintiff Charles will also have to pay the filing fee in full or file a petition to proceed in forma pauperis.

Finally, defendants Employees of the Illinois Department of Corrections, Mike Funk, and Employees of the Knox County Board will be dismissed. Neither plaintiff is incarcerated in the Illinois Department of Corrections and Plaintiff makes no allegations that members of the Knox County Board personally caused his constitutional deprivation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

IT IS THEREFORE ORDERED:

1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the Plaintiff Augusta states an Eighth Amendment claim for conditions of confinement against defendants David Clague and Lou Glossip.  Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Mike Funk, Employees of I.D.O.C. and Employees of Knox County Board as defendants.

12.     The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

13.     Plaintiff Charles' claims are severed from this case.  The clerk is directed to open a new case entitled, <u>Dallas Charles v. Lou Glossip and Nurse Doe</u>.  The clerk is also directed to file the complaint from this case and this order in the new case, and enter the standard text order regarding payment of the filing fee or filing a petition to proceed *in forma pauperis*.

Entered this 19th day of December, 2016.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE